UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOHNNIE LEE CASEY,
    Plaintiff,

v.                                Case No.: 5:23cv318/MCR/ZCB

AT&T INC., et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, has filed an amended complaint. The amended complaint names one Defendant—the Vice President of the Bank of New York Mellon Trust Company, Julie Hoffman-Ramos. (Doc. 7). The amended complaint was filed in response to the Court's order requiring Plaintiff to show cause as to why the case should not be dismissed for lack of personal jurisdiction.[1] (Doc. 6). The amended complaint, however, fails to rectify the jurisdictional problem.

---

[1] A district court may dismiss an *in forma pauperis* action "for lack of personal jurisdiction when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Gregory-Rogers v. McElroy*, 2018 WL 11255576, at *1 (N.D. Ala. Nov. 6, 2018) (dismissing *pro se* complaint because it failed to provide a basis for exercising personal jurisdiction over the defendants).

1

Thus, Plaintiff's amended complaint should be dismissed for lack of personal jurisdiction.

"The plaintiff has the burden of establishing a *prima facie* case of personal jurisdiction over a nonresident defendant." *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268 (11th Cir. 2002). To determine if there is personal jurisdiction over a nonresident Defendant, the Court must examine two things. *See Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990). The Court must first analyze personal jurisdiction under the applicable state's long-arm statute. *See Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 855 (11th Cir. 1990). Then, "[i]f there is a basis for the assertion of personal jurisdiction under the state statute, we next determine whether sufficient minimum contacts exist to satisfy the Due Process Clause of the Fourteenth Amendment so that 'maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Madara*, 916 F.2d at 1514 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "Only if both prongs of the analysis are satisfied may a federal or state court exercise personal jurisdiction over a nonresident defendant." *Id.*

First, "[t]he reach of Florida's long-arm statute is a question of Florida law." *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1352 (11th Cir. 2013) (cleaned up). Florida's long-arm statute enumerates specific activities that subject an individual to jurisdiction in Florida, such as operating a business in Florida, committing a tortious act in Florida, or owning real property in Florida. *See* Fla. Stat. § 48.193(1) (2023). It also provides personal jurisdiction over "[a] defendant who is engaged in substantial and not isolated activity within" Florida. *See* Fla. Stat. § 48.193(2).

Second, whether personal jurisdiction comports with the Fourteenth Amendment is itself a two-part inquiry. First, the defendant should have "fair warning" that she may be subjected to the jurisdiction of a particular state; in other words, the defendant must have "purposefully directed" activities at the particular forum, and the subject litigation "arise[s] out of or relate[s] to" those activities. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (cleaned up); *see also Hanson v. Denckla*, 357 U.S. 235, 253, *reh'g denied,* 358 U.S. 858 (1958) ("[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting

activities within the forum State, thus invoking the benefits and protections of its laws."). The defendant's connection with the particular forum must lead the defendant to reasonably anticipate that she is subject to litigation there. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

And second, once the defendant has established minimum contacts with the particular forum, the Court determines whether subjecting the defendant to personal jurisdiction in the particular forum comports with "fair play and substantial justice." *See Int'l Shoe Co.*, 326 U.S. at 320. That analysis consists of the following factors:

> the burden on the defendant in defending the lawsuit, the forum state's interested in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies and the shared interest of the states in further fundamental substantive social policies.

*Marada*, 916 F.2d at 1517 (citing *Burger King*, 471 U.S. at 477).

Upon review of Plaintiff's initial complaint (Doc. 2), the Court raised the issue of whether it provided a basis for this Court to exercise personal jurisdiction over the original three Defendants that resided in Texas. (Doc. 6). The Court outlined the requirements for personal jurisdiction (as set out above) and provided Plaintiff an opportunity to

4

show cause as to why his case should not be dismissed for lack of personal jurisdiction over Defendants. (*Id.*). The Court informed Plaintiff that his response to the order to show cause could come in the form of an amended complaint that contains jurisdictional allegations sufficient to establish personal jurisdiction over each Defendant. (*Id.* at 5 n.1). Plaintiff has now filed an amended complaint. (Doc. 7).

In his amended complaint, Plaintiff lists only one Defendant—Vice President Julie Hoffman-Ramos of the Bank of New York Mellon Trust Company. (*Id.* at 2). Plaintiff lists a Houston, Texas address for Defendant Hoffman-Ramos. (*Id.*). The only additional jurisdictional allegation added to the amended complaint is as follows:

> On or around 12/10/2021 I, Johnnie Casey did enter into a contract with AT&T for cellular devices and services in Panama City Florida. This contract with AT&T did create a security, and a trustee relation With AT&T and their Indenture Trustee, The Bank of New York Mellon, under provisions of contract law as well as security law. *Though The Bank of New York Mellon is located in Texas, the company in which they are the indenture trustee for is located in Florida.*

(*Id.* at 9) (emphasis added). This allegation, and the other allegations in Plaintiff's amended complaint, however, fail to establish personal jurisdiction over Defendant Hoffman-Ramos. As an initial matter, Plaintiff does not allege that Florida's long-arm statute confers personal

5

jurisdiction over Defendant Hoffman-Ramos. Plaintiff has not alleged that Defendant Hoffman-Ramos engaged in any of the statutorily enumerated activities such as operating a business or committing a tortious act in Florida, nor does Plaintiff allege Defendant Hoffman-Ramos engaged in "substantial" activity within Florida. *See* Fla. Stat. § 48.193 (2023).

Second, the amended complaint's allegations do not show that Defendant Hoffman-Ramos "purposefully directed" activities in Florida. Indeed, the only allegations that allege any action taken by Defendant Hoffman-Ramos allege that her actions (i.e., not responding to Plaintiff's mail) occurred in Texas, not in Florida. And the new allegation in Plaintiff's amended complaint pertains only to the Bank of New York Mellon, not Defendant Hoffman-Ramos who is the sole Defendant in the amended complaint. Plaintiff has failed to sufficiently allege facts connecting Defendant Hoffman-Ramos with Florida such that this Court can exercise personal jurisdiction over her.[2]

---

[2] Plaintiff's amended complaint could also be dismissed for failure to state a claim. The crux of Plaintiff's complaint is that AT&T has not accepted Plaintiff's preferred methods of payment (his "interest, equity, or endorsed bill of exchange"). (Doc. 6 at 7, 9-11). Plaintiff asks the Court "grant[] [his] right to use [his] interest, equity, or endorsed bill of

For the reasons above, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint be **DISMISSED without prejudice** for lack of personal jurisdiction.

At Pensacola, Florida, this 14th day of February 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

---

exchange to fulfill [his] financial obligations on [his] AT&T account every billing cycle." (*Id.* at 7). These allegations fail to state a claim under the Federal Reserve Act, the Security Exchange Act, the Trust Indenture Act, or the Due Process Clause of the Fourteenth Amendment. Plaintiff's allegations also fail to state a claim for breach of fiduciary duty.